IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SUSAN MACIARIELLO, | Civil Action No.: ___2:22-cv-02720-RMG___ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| ROUSH INDUSTRIES, INC, | **(Negligence Action)** |
| Defendant. | **Jury Trial Requested** |

Susan Maciariello (hereinafter "Plaintiff"), by her undersigned attorney, alleges in her Complaint against Defendant, Roush Industries, Inc. (hereinafter "Roush"), and would respectfully show unto this Honorable Court:

1. Plaintiff is a resident of the County of Charleston, State of South Carolina

2. Upon information and belief, Defendant Roush Industries, Inc. (hereinafter "Roush") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 12447 Levan, Livonia, Michigan and doing substantial business in Berkeley County, South Carolina.

3. This Honorable Court has jurisdiction of the parties and subject matter of the action by reason of the complete diversity of citizenship between the parties and the amount in controversy exceeding the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs and interest, under the provisions of 28 U.S.C. § 1332.

4. A substantial portion of the events or omission giving rise to the claim occurred within this judicial district making venue proper under 28 U.S.C. § 1391(b).

1

## FACTUAL ALLEGATIONS

5. On October 4, 2019, an employee and/or agent of Defendant Roush was operating a parked vehicle in the Volvo Car US Operations building in Ridgeville, South Carolina.

6. At the time and place aforesaid, Plaintiff, was walking in the same building to her next assignment.

7. At the time and place aforesaid, the above-mentioned employee and/or agent of Defendant Roush, suddenly and without warning, began backing up and hit Plaintiff causing her to suffer the personal injuries and bodily damages hereinafter alleged.

8. At the time of the collision, Defendant's employee and/or agent failed to keep a proper lookout.

9. At the time of the collision, nothing was blocking Defendant's employee and/or agent's view of Plaintiff.

10. At the time of the collision, Defendant's employee and/or agent was distracted.

## VICARIOUS LIABILITY

11. At all times mentioned herein, Defendant's agent, servant, and/or employee was acting within the course and scope of his employment.

12. At all times mentioned herein, Defendant Roush was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, apparent agency, negligent entrustment, negligent hiring, training, retention and supervision, or similar theory of law.

## FOR A FIRST CAUSE OF ACTION – NEGLIGENCE

13. All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

14. At the time of the collision, Defendant, through its agents and/or employees failed to exercise due care by driving the motor vehicle carelessly and striking Plaintiff.

15. Defendant, its employees and/or agents, by acts or omissions, were negligent, negligent per se, grossly negligent, careless or reckless in at least one of the following particulars:

    (a) Operating a motor vehicle with reckless disregard for the rights and safety of others and in particular the rights and safety of Plaintiff;

    (b) Failing to keep its motor vehicle under control;

    (c) Failing to keep a proper lookout so as to be able to avoid hitting a person on foot;

    (d) Failing to check behind him, apply his brakes before striking Plaintiff, sound his horn, or take any other appropriate action;

    (e) In driving a motor vehicle in such a manner as to indicate either a willful or wanton disregard for the rights and safety of other persons, and in particular, the rights and safety of Plaintiff;

    (f) Failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

    (g) Backing into Plaintiff;

    (h) Violating the safety rules that apply to all drivers and/or those working for Defendant Roush;

    (i) Violating the laws, statutes and ordinances, including, but not limited to, those as follows: S.C. Code Ann. § 56-5-3230, 56-5-2110;

    (j) Violating federal, state and industry safety rules;

    (k) And such other and further reasons that the evidence may show at the trial of this case.

16. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries affecting her everyday activities and normal daily life.

17. As a direct and proximate result of Defendant's negligence, Plaintiff is entitled to recover damages past, present, and future medical bills; past, present, and future pain and suffering;

past, present, and future emotional and psychological harm, lost wages; and other economic and non-economic loss.

## FOR A SECOND CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT ROUSH
### *Negligent Hiring, Training, and Supervision*

18. All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

19. Defendant Roush had a duty to use reasonable care to promulgate, enforce, and ensure proper safety rules, regulations, policies, and procedure were in place for hiring and retaining safe, qualified drivers to protect pedestrians and negligently failed to do so.

20. Defendant Roush was required to teach, train, and supervise its employee and/or agent so that he was able to understand and obey basic driving safety rules.

21. Defendant Roush, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care that Defendant's driver was unqualified, unsupervised and needed training to drive in the setting where Plaintiff was injured.

22. Defendant, its employees and/or agents, by acts or omissions, was negligent, negligent per se, grossly negligent, careless or reckless in at least one of the following particulars:

   (a) Hiring and/or contracting with Defendant's driver to drive the motor vehicle at issue;

   (b) Failing to train its employee and/or agent on basic driving safety rules;

   (c) Failing to supervise its employee and/or agent while operating the motor vehicle;

   (d) Failing to train its employee and/or agent to properly drive the motor vehicle;

   (e) Failing to exercise that degree of care which a reasonable and prudent company operating commercial motor vehicles would have exercised under the same or similar circumstances;

   (f) Entrusting its employee and/or agent with the motor vehicle;

(g) Retaining its employee and/or agent to drive the motor vehicle;

(h) Failing to conduct proper and required checks on the background of their employee, agent, and/or contractor;

(i) Failing to exercise ordinary care to determine their employees', agents' and/or contractors' fitness for the task of driving a motor vehicle;

(l) Violating industry safety rules;

(m) Failing to enact rules and policies to protect the safety of innocent motorists and pedestrians during the operation of a motor vehicle;

(n) Failing to enforce their own rules and policies regarding the operation of a motor vehicle;

(o) Failing to enact rules and policies regarding the hiring, training and supervision of drivers;

(p) Failing to follow their existing rules, regulations, laws, and policies regarding hiring, training and supervision of drivers;

(q) Negligently hiring, training, and supervising its employee and/or agent;

(r) And such other and further reasons that the evidence may show at the trial of this case.

23. As a direct and proximate result of Defendant's negligence, its employee and/or agent mentioned above was unqualified, inadequately trained, and unsupervised to operate the motor vehicle, which he did in a negligent and/or reckless manner causing Plaintiff to suffer serious injuries.

## DAMAGES

24. As a direct and proximate result of the aforesaid wrongful conduct on the part of Defendant, Plaintiff sustained the following injuries and damages:

(a) Suffered injuries about various parts of her body, including but not limited to her left leg, left hip, shoulders and heart;

(b) Incurred medical bills and will mostly likely incur medical bills in the future causally related to the injuries caused by Defendant's negligence and the negligence of their employees and agents;

(c) Lost income;

(d) Experienced in the past and will experience in the future pain and discomfort;

(e) Experienced in the past and will experience in the future emotional and psychological injuries; and

(e) Has been limited in her ability to perform her usual household responsibilities and social activities.

25. Defendant's conduct constitutes a conscious disregard for the life and safety of Plaintiff and for the lives and safety of the motoring public, and Defendants are therefore liable to the Plaintiff for exemplary or punitive damages.

**WHEREFORE**, Plaintiff demands a trial by jury and prays for judgment against the Defendant for such amount of actual and punitive damages exceeding the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS as determined by the Trier of Fact; for the cost of this action; and for such other and further relief as may be just and proper.

/s/ Kevin B. Smith_____
Kevin B. Smith, Esq.
SC Bar No.: 70587
Amanda R. Itterly, Esq.
SC Bar No.: 103028
Hoffman Law Firm, LLC
7087 Rivers Ave.
N. Charleston, SC  29406
Phone: (843) 769-7077
Fax: (843) 769-4567
ksmith@hoffmanlawfirm.com
amanda@hoffmanlawfirm.com
Attorneys for Plaintiff

North Charleston, South Carolina

August 17, 2022